UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTIE BRYANT | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 09-cv-5344 |
| v. | ) |
| | ) Judge John W. Darrah |
| COOK COUNTY INVESTIGATORS, | ) |
| "OFFICER" SCOTT, and HSBC AUTO | ) |
| FINANCE INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mattie Bryant, brought this action, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1682 et seq., ("FDCPA"), seeking actual damages, statutory damages, punitive damages, and litigation costs and attorney's fees. Bryant also brings a state claim pursuant to this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, alleging a violation of 810 ILCS 5/9-610(b)(2).[1] Defendant HSBC Auto Finance Inc. ("HSBC") has filed a Motion to Dismiss for Failure to State a Claim.

### BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint.

Prior to July 2008, Bryant purchased a 2003 Dodge Intrepid with the proceeds of an auto loan from HSBC, who is a "creditor" pursuant to 15 U.S.C. § 1692(a)(4). In August 2008,

---

[1] 810 ILCS 5/9-610(b)(2) does not exist. HSBC's Motion assumes that Bryant meant 810 ILCS 5/9-609(b)(2). Further, in Bryant's Amended Complaint there are only two counts alleged, Count I alleging a violation of 810 ILCS 5/9-610, and Count II, alleging violations of the FDCPA. In Bryant's response she states there are three counts, adding the common-law negligence claim. Bryant may not add additional counts to her Complaint in her Response. Accordingly, there is no common-law negligence cause of action before the Court.

Bryant defaulted on her auto loan. In October 2008, Bryant discovered that her car was missing from her residence and assumed that the vehicle had been repossessed.

On January 5, 2009, Bryant filed for Chapter 13 bankruptcy protection. On January 25, 2009, HSBC filed a motion for relief from the automatic stay with regard to Bryant's 2003 Dodge Intrepid in Bryant's bankruptcy. The motion was granted on February 4, 2009.

From February 2009 to April 2009, Bryant began to receive calls from Defendant, Cook County Investigators ("CCI"), who is a "debt collector" pursuant to 15 U.S.C. § 1692(a)(6). During these calls, Defendant "Officer" Scott, who is a "debt collector" pursuant to 15 U.S.C. § 1692(a)(6), claimed to work with the police and/or to be a police officer. Upon Bryant's information and belief, "Officer" Scott was in no way affiliated with the police or any other law enforcement agency. Scott threatened Bryant with arrest, used profane language, and was rude and abusive. Bryant alleges that "Officer" Scott was the agent, apparent agent, servant, and/or employee of CCI and that "Officer" Scott was acting in the course and scope of his agency.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.*

However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Ashcroft*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1949. Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

Additionally, determining whether a complaint should survive a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 129 S. Ct. at 1950. To survive a motion to dismiss, the well-pleaded facts of the complaint must allow the court to infer more than the mere possibility of misconduct. *Id.*

## ANALYSIS

HSBC's Motion to Dismiss for Failure to State a Claim asserts two reasons why Bryant's Count I, alleging a violation of 810 ILCS 5/9-609(b)(2), should be dismissed: (1) 810 ILCS 5/9-609 can only apply to conduct that occurs during the repossession of collateral and (2) "Officer" Scott's and CCI's action do not constitute a "breach of the peace." HSBC's Motion does not address Bryant's Count II, alleging violations of FDCPA.

810 ILCS 5/9-609 states:

(a) Possession . . . After default, a secured party:
    (1) may take possession of the collateral; and
    (2) without removal, may render equipment unusable and dispose of collateral on a debtor's premises under Section 9-610.
(b) Judicial and nonjudicial process. A secured party may proceed under subsection (a):
    (1) pursuant to judicial process; or
    (2) without judicial process, if it proceeds without breach of the peace.

810 ILCS 5/9-609.

HSBC argues that ILCS 5/9-609(b)(2) could not have been violated because the car had been repossessed in October 2008, and the alleged actions that form Bryant's cause of action occurred from February 2009 to April 2009. In support of its argument, HSBC cites *Johnson v. Grossinger Motorcorp., Inc.*, 324 Ill. App. 3d 354, 365 (2001) (*Johnson*), for the proposition that "Indeed, the actions allegedly amounting to a breach of the peace must occur at the time of or immediately prior to the repossession of the car." (Def.'s Mem. at 3.) HSBC also cites 810 ILCS 5/9-609 for the proposition that 810 ILCS 5/9-609 only applies to conduct that occurs during the repossession of collateral. Finally, HSBC directs this Court to other cases and asserts "[these] cases applying Section 9-609(b)(2) all involve the actual or attempted repossession of collateral."[2]

In this case, Bryant alleges that the phone calls made by Defendants were collection calls. However, Bryant never alleges any facts that these collection calls were attempts to repossess the vehicle. Rather, during the time that Bryant received these collection calls, Bryant believed that her car had already been repossessed. Accordingly, because Bryant has failed to allege any facts

---

[2] *Fleming-Dudley v. Legal Investigations, Inc.*, 2007 WL 952026, at *12 (N.D. Ill. Mar. 22, 2007); *Chrysler Credit Corp. v. Koontz*, 277 Ill. App. 3d 1078; and *Johnson*, 324 Ill. App. 3d at 364.

4

that would suggest the collection calls were an attempt to repossess the car and because Bryant alleges that the car had been repossessed two months before the calls began, 810 ILCS 5/9-609(b)(2) could not have been violated because there was no attempt to repossess the vehicle not then in Bryant's possession.

Next, HSBC argues that even assuming that the phone calls were made, they do not constitute a "breach of the peace." The term "breach of peace" connotes conduct that incites, or is likely to incite, immediate public turbulence or that leads to, or is likely to lead to, an immediate loss of public order and tranquility. *Johnson* 324 Ill. App. 3d at 364 (internal citations omitted). The probability of violence at the time immediately prior to the repossession is an element in determining whether a breach of the peace has occurred. *Johnson*, 324 Ill. App. 3d at 365 (citing *Koontz*, 277 Ill. App. 3d at 1082).

In support of its allegations that CCI and "Officer" Scott "breached the peace," Bryant argues that Illinois Courts have never "quantified what exactly amounts to a breach of the peace." Bryant cites *Clarin v. Minnesota Repossessors*, 198 F.3d 661 (8th Cir. 1999), for a list of factors that are used to determine whether a breach of the peace has occurred.[3] Bryant argues that in the instant case, "Defendants came to her door, used obscenities, and claimed to work for the police and/or be police officers, additionally they threatened Plaintiff with arrest." (Pl.'s Resp. at 3.)

---

[3] These factors are: (1) where the repossession took place; (2) the debtor's express or constructive consent; (3) the reactions of third parties; (4) the type of premises entered; and (5) the creditor's use of deception.
*Clarin*, 198 F.3d at 664.

However, in Bryant's Amended Complaint, Bryant never alleges any conduct other than phone calls made from "Officer" Scott and CCI.[4]

Bryant additionally cites *Fleming-Dudley*, 2007 U.S. Dist. LEXIS 21653 (N.D. Ill. March 22, 2007), in support of his argument that Defendants breached the peace by telling Bryant that they were police officers, and states that *stare decisis* requires HSBC's Motion to be denied.

However, the instant case is factually different than *Fleming-Dudley*. There, the plaintiff properly alleged that the repossession agent came to the plaintiff's door, banged on the door, and yelled, "This is Legal Investigations, I am Officer White, come to the door!" *Fleming-Dudley*, 2007 U.S. Dist. LEXIS 21653, at *22. Further, the *Fleming-Dudley* court discussed cases in which posing as a police officer resulted in a "breach of the peace." However, in all of these cases, the act of impersonating a police officer was done in the presence of the debtor. In this case by contrast, Bryant's Amended Complaint only alleges that CCI and "Officer" Scott made phone calls to Bryant's home and, during these phone calls, impersonated a police officer. Accordingly, the act of impersonating a police officer over the phone does not amount to a "breach of the peace," as that term is used pursuant to 810 ILCS 5/9-609, because there can be no loss of public order and tranquility.

---

[4] HSBC cites *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009), for the proposition that "any statements in the Response brief that are inconsistent with the allegations in the Amended Complaint should not be considered for purposes of a 12(b)(6) . . . ." For purposes of this Opinion, this Court will only use the facts alleged in Bryant's Amended Complaint, and not those raised for the first time in Bryant's Response.

## CONCLUSION

Because Bryant has failed to allege that the collection calls were attempts to repossess her vehicle and because the collection calls occurred more than four months after Bryant alleges the car was repossessed, HSBC's Motion to Dismiss Bryant's Count I is granted. Further, even assuming that 810 ILCS 5/9-609(b)(2) could have been violated in this case, the actions of "Officer" Scott and CCI do not constitute a "breach of the peace."

Date: April 15, 2010

JOHN W. DARRAH
United States District Court Judge